# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLAUDIA VROMAN, PATRICIA FICA-SPENCER, and ZORAYA TORRES,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROUND LAKE AREA SCHOOLS – DISTRICT #116 (a/k/a Board of Education of Round Lake Community Unit School District #116, Lake County Illinois), CONSTANCE COLLINS, KEELY ROBERTS, LEE PALMER, PHILIP GEORGIA, AMY GANNON, NICK HECKEL, JERI RYAN, and PATRICIA STANKO,<br><br>    Defendants. | No. 15 C 2013<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Claudia Vroman, Patricia Fica-Spencer, and Zoraya Torres bring this action against Defendant Round Lake Area Schools – District #116 (the "District" or "Defendant") and its current and former employees, Defendants Constance Collins, Keely Roberts, Lee Palmer, Philip Georgia, Amy Gannon, Nick Heckel, Jeri Ryan, and Patricia Stanko. Plaintiffs allege that Defendants discriminated against them in violation of the Illinois Human Rights Act, 775 ILCS 5/2 (the "IHRA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and 42 U.S.C. § 1983.

This matter is currently before me on Defendant's motion for judgment on the pleadings as to Plaintiff Vroman's IHRA claims—Counts III, IV, and VI of the amended complaint—under Rule 12(c) for failure to exhaust administrative remedies. For the following reasons, I am granting Defendant's motion in its entirety.

1

## BACKGROUND

Vroman was employed by the District between 2012 and 2014. To support her IHRA claims, Vroman alleges that she filed four discrimination charges against the District with the Illinois Department of Human Rights (the "IDHR"): (1) Charge No. 2014CF1029 on October 23, 2013, alleging national origin discrimination; (2) Charge No. 2014CF1740 on January 30, 2014, alleging retaliation discrimination; (3) Charge No. 2014CF2249 on March 25, 2014, alleging retaliation discrimination; and (4) Charge No. 2014CF2447 on March 25, 2014, alleging ancestry discrimination.

All four charges were simultaneously cross-filed with the Equal Employment Opportunity Commission ("EEOC"). In the amended complaint, Vroman alleges that these charges were then "transferred" to the EEOC for investigation. Vroman also alleges that she requested a "notice of right to sue" letter from the EEOC and received this letter on December 10, 2014. Vroman does not mention, however, that she submitted a written request to the IDHR to withdraw her charges. On August 11, 2014, the IDHR issued corrected Orders of Closure approving Vroman's request to withdraw her charges and closing the charges. The IDHR neither issued a final determination nor notified Vroman of any right to pursue civil claims.

Although Plaintiff was given the opportunity, she did not file a response to Defendant's motion.

## LEGAL STANDARD

Failure to exhaust administrative remedies is an affirmative defense. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). "[T]he proper vehicle for dismissal based on an affirmative defense is a Rule 12(c) motion for judgment on the pleadings." *Scott v. City of*

*Kewanee*, 2014 WL 1302025, at *5 (C.D. Ill. 2014) (citing *Carr v. Tillery*, 591 F.3d 909, 912–13 (7th Cir. 2010) and *McCready v. eBay, Inc.*, 453 F.3d 882, 892 n.2 (7th Cir. 2006)).

The court evaluates a Rule 12(c) motion under "the same standard as a Rule 12(b)(6) motion." *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A complaint must provide the grounds of the claimant's entitlement to relief, contain more than formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In addition to the allegations in the complaint, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim." *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Further, a court "may also take judicial notice of matters of public record." *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994). Accordingly, this Court may consider Plaintiff's IDHR and EEOC charges attached to the complaint as well as IDHR records submitted by the parties. *Anderson v. Ctrs. for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012) (court "may consider plaintiff's IDHR and EEOC charges attached to defendants' motion as well as IDHR records submitted by the parties.") (citation omitted).

## DISCUSSION

Defendant argues that Plaintiff's claims under the IHRA should be dismissed because she failed to exhaust her administrative remedies under the Act. "Under Illinois law, the

3

comprehensive scheme of remedies and administrative procedures of the IHRA is the exclusive source of redress for alleged violations of the act." *Jimenez v. Thompson Steel Co., Inc.*, 264 F. Supp. 2d 693, 695 (N.D. Ill. 2003). The IHRA "is enforceable only in administrative proceedings and not by an original suit in court, whether state or federal." *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002) (citations omitted).

It is well-established that a complainant who voluntarily withdraws a charge before the IDHR issues a final order addressing whether there is substantial evidence supporting the alleged civil rights violation has failed to exhaust her administrative remedies. *Anderson*, 891 F. Supp. 2d at 960; *see also Slaughter v. Fred Weber, Inc.,* 570 F. Supp. 2d 1054, 1057-58 (N.D. Ill. 2008) (dismissing the plaintiff's IHRA claims where she had withdrawn her IDHR charge).

Plaintiff cannot relieve herself from the administrative requirements of the IHRA by characterizing her withdrawal as a transfer. *See Ocampo v. Remedial Environmental Manpower, Inc.*, No. 13-cv-06283, 2014 WL 2893190, *2 (N.D. Ill. June 26, 2014) (dismissing an IHRA claim for failure to exhaust administrative remedies where the plaintiff claimed that she "transferred" her IDHR charges to the EEOC, but the IDHR Order of Closure stated that her request to withdraw was approved). Although Plaintiff claims that she transferred her IDHR charges to the EEOC, it is clear that Plaintiff voluntarily withdrew her charges because the IDHR's August 11, 2014 Orders of Closure, which Defendant attached to its motion, clearly states that Plaintiff's request to withdraw her charges was approved.

Because Plaintiff did not receive a final order from the IDHR as required under the IHRA, I am dismissing Plaintiff's IHRA claims without prejudice for failure to exhaust administrative remedies. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (citing *Greene v. Meese,* 875 F.2d 639, 643 (7th Cir.1989) (determining that the "proper resolution for failing to

exhaust administrative remedies is dismissal without prejudice").

## CONCLUSION

Vroman has failed to exhaust her administrative remedies for her claims under the Illinois Human Rights Act, 775 ILCS 5/2 and 5/6-101. Accordingly, I am dismissing Counts III, IV, and VI of Plaintiffs' amended complaint without prejudice.

ENTER:

James B. Zagel
United States District Judge

DATE: November 18, 2015